IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-66,458-01






EX PARTE DOMINGO CALDERON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 04-11-0244-CRA IN THE 218TH DISTRICT COURT


FROM ATASCOSA COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of indecency with
a child by exposure and sentenced to ten years' imprisonment. He did not appeal his conviction. 

 Applicant contends, among other things, that the State did not disclose that the complainant,
J.V., had recanted in a hand-written letter or note in 2005. He also contends that he is actually
innocent based on a recantation J.V. signed in 2006.

 On January 31, 2007, we remanded this application and directed the trial court to make
findings of fact and conclusions of law. After holding an evidentiary hearing, the trial court found
that J.V.'s 2005 recantation had been disclosed to Applicant and concluded that the State had not
violated Brady v. Maryland, 373 U.S. 83 (1963). The trial court also found that J.V.'s 2006
recantation, having not been presented to the trial court, constituted newly discovered evidence. The
trial court concluded that Applicant had established that he was actually innocent and recommended
that we grant relief. 

 On June 27, 2007, we remanded this application for further findings of fact and conclusions
of law. We directed the trial court to make findings of fact as to whether there were facts in J.V.'s
2006 recantation that were not previously available to or discoverable by Applicant. See Ex parte
Brown, 205 S.W.3d 538, 545 (Tex. Crim. App. 2006) ("Not only must the habeas applicant make
a truly persuasive showing of innocence, he must also prove that the evidence he relies upon is
'newly discovered' or 'newly available.' The term 'newly discovered evidence' refers to evidence
that was not known to the applicant at the time of trial and could not be known to him even with the
exercise of due diligence. He cannot rely upon evidence or facts that were available at the time of
his trial, plea, or post-trial motions, such as a motion for new trial"). We specifically directed the trial
court to determine what, if any, material facts set out in J.V.'s 2006 recantation were not included
in her 2005 recantation.

 On remand, the trial court found, among other things, that when Applicant pleaded no
contest, he had no knowledge of J.V.'s 2005 recantation and that because her 2006 recantation had
not been presented to the trial court, it constituted newly discovered evidence. The trial court again
recommended that we grant relief. 

 On February 27, 2008, we remanded this application again for further findings of fact and
conclusions of law. We directed the trial court to make findings as to whether J.V.'s 2005
recantation had in fact been disclosed to Applicant. We noted that in its original findings, the trial
court determined that this recantation had been disclosed to Applicant, but that in its subsequent
findings, the trial court determined that Applicant had no knowledge of this recantation. We believed
that these findings were not consistent. We stated that if the trial court found that J.V.'s 2005
recantation had not been disclosed, it was to make further findings as to whether the State had
violated Brady. If the trial court found, however, that J.V.'s 2005 recantation had been disclosed, it
was to make further findings as to what, if any, material facts set out in her 2006 recantation were
not included in her 2005 recantation. 

 On remand, the trial court found that J.V.'s sister, E.C., is in fact the complainant in this case
and that the charges involving J.V. were dismissed. The trial court also found that after Applicant
had been adjudicated guilty, E.C. recanted in writing and that neither the State nor Applicant learned
of her recantation until after Applicant had been adjudicated guilty. The trial court concluded that
the State had not violated Brady and that Applicant had established that he was actually innocent.
Not only are these findings not supported by the record, they are also inconsistent with the trial
court's earlier findings. J.V. was named as the complainant in the indictment, and the trial court's
earlier findings describe J.V. as the "complaining witness." Nor is there evidence in the record that
E.C. waited until Applicant had been adjudicated guilty before recanting. On the record before this
Court, she recanted as early as 2005. 

 Given the inconsistencies and the lack of record support in the trial court's earlier findings,
the trial court shall make further findings of fact. The trial court shall make findings of fact as to: (1)
whether the factual basis of J.V.'s 2005 recantation was available to and discoverable by Applicant
before he pleaded no contest; (2) if so, what, if any, material facts set out in J.V.'s 2006 recantation
were not included in her 2005 recantation; (3) whether the State had knowledge, before Applicant
pleaded no contest, of J.V.'s 2005 recantation; and (4) if so, whether the State disclosed, before
Applicant pleaded no contest, that J.V. had recanted. In its earlier findings of fact, the trial court
determined that not only had the State disclosed to Applicant, before he pleaded no contest, that in
2005 J.V. had recanted, but also that Applicant had no knowledge of her recantation before pleading
no contest. This is factually impossible and should be resolved by the trial court on remand. The trial
court shall also make a further finding as to whether J.V. is the complainant and, if not, what
evidence in the record supports this finding. The trial court shall make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims
for habeas corpus relief.

 Applicant appears to be represented by counsel. If not and the trial court elects to hold a
second hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes
to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. 
Tex. Code Crim. Proc. art. 26.04. 

 This application will be held in abeyance until the trial court has resolved the fact
issues. The issues shall be resolved within 60 days of this order. If any continuances are granted, a
copy of the order granting the continuance shall be sent to this Court. A supplemental transcript
containing all affidavits and interrogatories or the transcription of the court reporter's notes from any
hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of
law, shall be returned to this Court within 90 days of the date of this order. Any extensions of time
shall be obtained from this Court. 




Filed: November 26, 2008

Do not publish